IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT M. ROLLINS,                )
                                 )
           Petitioner,           )
                                 )
vs.                              )   CIVIL NO. 08-115-GPM
                                 )
W. A. SHERROD,                   )
                                 )
           Respondent.           )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This action is before the Court on a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1). For the reasons set forth below, the petition is dismissed.

### FACTUAL BACKGROUND

On March 29, 1985, in the United States District Court for the District of Minnesota, Petitioner Scott M. Rollins was sentenced to an aggregate sentence of 25 years imprisonment for multiple counts of Bank Robbery and Conspiracy to Commit Bank Robbery (Doc. 14-3). Rollins was remanded to the Federal Bureau of Prisons and began serving his sentence in the Federal Correctional Institution in Oxford, Wisconsin, on April 11, 1985 (Doc. 14-2 and 14-4). On September 23, 1985, Rollins was transferred to the custody of Larimer County, Colorado, pursuant to the Interstate Agreement on Detainers ("IAD") (Doc. 14-5).

Nine months later, on June 16, 1986, Rollins was sentenced in a Larimer County District Court to 16 years imprisonment for Aggravated Robbery, Conspiracy to Commit Aggravated Robbery, and a Crime of Violence, all stemming from an offense that occurred on July 20, 1983

(Doc. 1, Exh. B; 14-6). In that case, Case Number 84 CR 773, the Colorado judge ordered that the sentence run consecutively to the 25-year federal sentence Rollins was then serving.

The next month, on July 30, 1986, Rollins was sentenced in Larimer County District Court to another term of imprisonment of 16 years on a plea of guilty to Conspiracy to Hold Hostages on October 30, 1985 (Doc. 1, Exh. B; 14-7). In that case, Case Number 85 CR 1074, the Colorado judge ordered that the sentence run consecutively to the federal sentence but concurrently with the prior state sentence on the robbery conviction. After disposition of these state actions, Rollins was returned to federal custody at the United States Penitentiary in Leavenworth, Kansas, to continue serving his federal sentence (Docs. 14-2 and 14-4).

Rollins filed a motion for postconviction relief in the Larimer County District Court on both of his State of Colorado convictions (Doc. 1, Exh. B). Specifically, Rollins sought to withdraw his guilty plea in Case Number 85 CR 1074. The Colorado court rejected Rollins's motion for postconviction relief.

On May 26, 1995, in the United States District Court for the Middle District of Pennsylvania, Rollins was sentenced to 188 months imprisonment on a guilty plea to one count of conspiracy to distribute a controlled substance (Doc. 14-8).[1] The judgment specified that the term of imprisonment was to run consecutively to the 25-year sentence imposed in the District of Minnesota. On September 28, 2000, the 188-month term was reduced to 130 months (Doc. 14-9).

On April 1, 1993, the Office of the District Attorney for the Eighth Judicial District of the

---

[1] The record offers no information regarding this offense other than the judgment (Doc. 14-8). Thus, the Court cannot describe or explain its factual background. Possibly, Rollins, who was at one point confined in the United States Penitentiary in Lewisburg, Pennsylvania, committed a drug offense while incarcerated.

State of Colorado ("State of Colorado") sent a letter to the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), asking that a detainer be placed upon Rollins for the two Larimer County convictions (Doc. 14-14). Officials at USP-Lewisburg sent a Detainer Action Letter informing the State of Colorado that a detainer had been filed against Rollins. The letter reported that Rollins's tentative release date at that time was March 24, 1996, and that another letter would be sent approximately 60 days prior to Rollins's release.[2]

On January 17, 2002, Rollins filed a prison-level administrative remedy request, the abstract of which states: "claims state sentence is concurrent/wants det removed" (Doc. 14-13). Institutional administrative records indicate that Rollins later withdrew the request (Doc. 14-2, ¶ 10). Approximately one week at Rollins's request was filed, the State of Colorado sent a fax to officials at the Federal Correctional Institution in Florence, Colorado, asking that the detainer against Rollins be released, stating, "Defendant has completed his sentence for our jurisdiction" (Doc. 1, Exh. D-2; 14-16) Several years later, on January 25, 2007, the State of Colorado sent a letter to officials at the Federal Correctional Institution in Greenville, Illinois, asking that a detainer be placed on Rollins for Colorado Case Number 85 CR 1074 (Doc. 1, Exh. E-1 and E-2; 14-17).

Rollins filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 20, 2008, challenging the January 25, 2007, detainer (Doc. 1). Rollins argues that the 2002 removal and subsequent 2007 re-issuance of the detainer by the State of Colorado violated the plea agreement he entered into with the State of Colorado in July 1986.

---

[2] The record is unclear on the change of release date from 1996, as reported in April 1993, and his current tentative release date of March 15, 2010 (Doc. 1, Exh. E-2; Doc. 14-12). Presumably his sentence on the bank robbery convictions has been completed, and he is now serving the term associated with the drug offense in the Middle District of Pennsylvania.

In response, Warden Sherrod argues that the petition should be dismissed because (1) Rollins did not exhaust his administrative remedies, and (2) because he is not entitled to relief under either section 2241 or the IAD.

**ANALYSIS**

The Interstate Agreement on Detainers ("IAD") is a compact among certain states, territories, and the United States regarding transfer of custody from one state to another, or from the federal government to a state, of prisoners who are subject to outstanding charges in another jurisdiction. *See Carchman v. Nash*, 473 U.S. 716, 719 (1985). As a congressionally-approved compact, the IAD is federal law. *Id.*; *Esposito v. Mintz*, 726 F.2d 371, 372 (7th Cir. 1984). A detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Nash*, 473 U.S. at 719.

Article III of the IAD sets out the procedure by which a prisoner may seek disposition of outstanding charges in another jurisdiction. *Nash*, 473 U.S. at 720-21. Specifically, the warden of the facility where the inmate is incarcerated must "inform the prisoner that a detainer has been lodged against him and that he may request final disposition of the indictment, information, or complaint upon which the detainer is based." *Id.* at 721. If the prisoner requests disposition of those charges, "[t]he authorities in the receiving State then must bring the prisoner to trial within 180 days, absent good cause shown, or the court must dismiss the indictment, information, or complaint with prejudice." *Id.*

The issuance of the detainer "is an act of the state based on that state's laws and process." *Esposito,* 726 F.3d at 373. Therefore, the "proper jurisdictional basis" for a challenge to a detainer

that "does not question the current detention under [a] federal judgment of conviction" is 28 U.S.C. § 2254. *Id.* In *Esposito*, the Seventh Circuit upheld the district court's dismissal of a petition for writ of habeas corpus under 28 U.S.C. § 2241: "We hold that a habeas corpus petition challenging only the validity of a state detainer must be brought pursuant to 28 U.S.C. §2254 and that the petitioner must show that he has exhausted available state remedies before applying to a Federal district court for relief." *Id. See also Echevarria v. Bell*, 579 F.2d 1022, 1027 (7th Cir. 1978) (federal prisoner challenging detainer lodged against him by a state must exhaust that state's remedies before seeking relief in a federal petition for writ of habeas corpus).

Rollins challenges only the January 25, 2007, detainer lodged against him by the State of Colorado arguing that the "reissued" detainer violates the plea agreement he entered into with the State of Colorado. He does not challenge any aspect of his federal sentence. The law in this circuit is clearly-established that such a challenge cannot be raised in a petition for writ of habeas corpus under section 2241. If Rollins wishes to challenge the detainer, his avenue for so doing is in a Colorado court. In other words, his complaint is with the State of Colorado, not the Bureau of Prisons. If he exhausts his avenues for relief in state court and is still unsatisfied, he may then file a petition for habeas corpus under 28 U.S.C. § 2254, in a Colorado federal court. Under the law of this circuit, his challenge can be brought only in a petition pursuant to 28 U.S.C. § 2254 after exhaustion of his state remedies. There is no indication in the record that Rollins has filed any challenge to the detainer in a Colorado court or in a federal district court under section 2254.

Finally, even if the law were not clear as to the proper method for challenging the detainer, comity dictates that the State of Colorado should be allowed the opportunity to review determinations under its own law before a federal court becomes involved.

## CONCLUSION

Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241.  Accordingly, the petition is **DISMISSED on the merits**, and the Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 1/23/09

                                         s/ *G. Patrick Murphy*
                                         G. Patrick Murphy
                                         United States District Judge